UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              Case No:   2:15-cv-91-SPC-CM

8 LUXURY VEHICLES,

       Defendant.

_____/

## ORDER[1]

This matter comes before the Court on the United States' Motion to Dismiss Claimant JITCO Group Limited's ("JITCO") Counterclaim, filed on November 24, 2014. (Doc. #87). JITCO filed a response in opposition on December 12, 2014. (Doc. #97). This matter is ripe for review.

### BACKGROUND

In June 2013, the United States seized 34 luxury vehicles. (Doc. #63, at 5). These seizures were pursuant to warrants signed by U.S. Magistrate Judge Douglas N. Frazier. (Doc. #63, at 5). Thereafter, the United States filed a civil complaint against the vehicles *in rem*. The complaint alleges the vehicles are proceeds of wire fraud, money laundering, and mail fraud, and as a result, seeks forfeiture of the vehicles pursuant to 18 U.S.C. § 981(a)(1)(c). (Doc. #1, at 1-2). JITCO filed a claim to the following eight vehicles: 2013

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

BMW X5 VIN: 5UXZV4C56D0E00403; 2013 BMW X5 VIN: 5UXZV4C53D0E05977; 2013 BMW X5 VIN: 5UXZV4C57D0E05982; 2013 BMW X5 VIN: 5UXZV4C55D0E05978; 2013 BMW X5 VIN: 5UXZV4C58D0E06056; 2013 BMW X5 VIN: 5UXZV4C52D0E05856; 2013 BMW X5 VIN: 5UXZV4C50D0E05855; and 2013 BMW X5 VIN: 5UXZV4C59D0E05837. (Doc. #18). On August 21, 2014, the United States filed its second amended complaint against the 34 vehicles, including the eight vehicles claimed by JITCO. (Doc. #63). This operative complaint alleges forfeiture of the vehicles is appropriate pursuant to 19 U.S.C. § 1595a(d), 18 U.S.C. §§ 1341, 1343, 1956(h), 1956(a)(2)(A), and 13 U.S.C. § 305(a)(2). (Doc. #63). On September 25, 2014, JITCO filed its answer, affirmative defenses, and counterclaim. (Doc. #72). Thereafter, upon motion, the Court severed the claims regarding the eight JITCO vehicles from the underlying action. (Doc. #75). This instant case represents the severed JITCO claims. (Cf. 2:13-cv-793-FtM-38SPC).

JITCO's counterclaim alleges the United States tortuously interfered with its property rights preventing the sale of eight vehicles and delaying the sale of four additional vehicles. (Doc. #72, ¶38). JITCO alleges pursuant to Georgia state law, the United States' tortious interference with its vehicles constitutes tort deprivation of possession of personalty, common law trespass to chattels, trover and/or conversion. (Doc. #72, ¶25). JITCO further alleges, as a result of the tortious interference and the loss in value of the vehicles, the United States is liable in an amount not less than $304,514 for demurrage fees, costs and interest, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. (Doc. #72, ¶¶40-41).

The United States argues JITCO's counterclaim should be dismissed for two reasons. First, for failure to state a claim upon which relief can be granted because the

rules do not authorize counterclaims in civil forfeiture proceedings. Second, for lack of subject matter jurisdiction because JITCO has not exhausted its administrative remedies as required by the FTCA. For the following reasons, the Court finds the United States' motion is due to be granted.

## STANDARD

In deciding a motion to dismiss, the district court must accept all factual allegations in a counterclaim as true and review the allegations in the light most favorable to the claimant. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Dismissal for failure to state a claim upon which relief may be granted, however, does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-63 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a counterclaim attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a claimant's obligation to provide the "grounds" of "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic Corp., 550 U.S. at 561-63; Fed.R.Civ.P. 12(b)(6).

To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a counterclaim must simply give the opposing party fair notice of what the claim is and the grounds upon which it rests. Id.; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Unwarranted deductions of fact in a counterclaim are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 556 U.S. at

663-64). Dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if, assuming the truth of the factual allegations of the counterclaim, there is a dispositive legal issue that precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2:07-cv-456-FtM-29DNF, 2007 WL 2480352 *1 (M.D. Fla. Aug. 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-10 (11th Cir. 1992)).

## DISCUSSION

The United States argues a claimant such as JITCO cannot bring a counterclaim in a civil forfeiture proceeding because a claimant is not a defendant. Instead, the property at issue *in rem* is considered to be the defendant. Relying on United States v. One Lot of U.S. Currency ($68,000), the United States argues because it did not file a claim against JITCO, there can be no counterclaim by JITCO. 927 F.2d 30, 34-35 (1st Cir. 1991) ("[s]ince no civil claim was filed by the government against [claimant]—indeed, rather than being dragooned into the case as a defendant, he intervened as a claimant—there was no 'claim' to 'counter.'"). Also, relying on United States v. $43,725.00 in U.S. Currency, the United States argues a claimant of seized property cannot bring a counterclaim within a civil forfeiture action. No. CIV.A. 4:08-1373-TLW, 2009 WL 347475 at *1 (D.S.C. Feb. 3, 2009) ("claimant of the seized property is not entitled to pursue a counterclaim against the Government or individuals within the limited scope of the *in rem* civil forfeiture action."). Relying on United States v. Assorted Computer Equip., the United States argues a civil forfeiture proceeding cannot entertain a claimant's counterclaim because there is no *in personam* jurisdiction over the United States, since a civil forfeiture case is an *in rem* proceeding, and counterclaims against the United States are *in personam* claims.

4

No. 03-2356V, 2004 WL 784493 *2 (W.D. Tenn. Jan. 9, 2004) (stating a civil forfeiture is *in rem*, not *in personam*, thus the defendant is the property subject to forfeiture, not the claimant and "[b]ecause the government has not asserted a claim against [claimant], there can be no counterclaim."). The United States also argues federal rules permitting counterclaims in civil forfeiture proceedings do not extend to counterclaims against the United States. See Fed.R.Civ.P. 13(d) ("These rules do not expand the right to assert a counterclaim--or to claim a credit--against the United States or a United States officer or agency."). The United States argues nothing in Rule G, which governs the civil forfeiture procedure, provides for the filing of counterclaims because a counterclaim is an action *in rem* to forfeit property, whereas a counterclaim against the United States is an *in personam* action for damages. See RULE G OF THE SUPPLEMENTAL RULES. Lastly, the United States argues the sake of orderly administration of justice dictates against allowing claimants in civil forfeiture proceedings to file counterclaims because there can be multiple claimants in civil forfeiture proceedings.

In JITCO's response, it contends Rule G provides for the filing of counterclaims. That is, Rule G(1) expressly provides if something is not covered by the supplementary rules, then the Federal Rules of Civil Procedure apply. See RULE G(1) OF THE SUPPLEMENTAL RULES. JITCO argues pursuant to Rule 13(a), its counterclaim is allowed as a compulsory counterclaim. Fed.R.Civ.P 13(a) ("A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party."). JITCO asserts since it intervened as a claimant and answered the complaint, it is a pleader and the United States is the opposing party. Relying on United States v. One (1) Douglas A-26B Aircraft, JITCO argues the Eleventh Circuit held

counterclaims by claimants in civil forfeiture proceedings are not only permitted, but at times compulsory. 662 F.2d 1372, 1377 (11th Cir. 1981) (claimant "could have asserted a counterclaim had it been aware of the condition of its aircraft at the time the forfeiture proceedings were litigated."). Relying on United States v. One Lear Jet Aircraft, JITCO avers a counterclaim brought by a claimant against the government is among the limited exceptions in which the Court will find *in personam* jurisdiction against the government in certain civil forfeiture proceedings. 836 F.2d 1571, 1577 n.8 (11th Cir. 1988) ("At best, Adam supports a holding that the government would be subject to an *in personam* counterclaim brought by [claimant] against the government.") (referring to Adam v. Saenger, 303 U.S. 59, 67-68 (1938)). Then, relying on United States v. One (1) 1984 Nissan 300 ZX, JITCO argues other district courts, such as the Northern District of Georgia, have held claimants can file counterclaims against the government in civil jurisdiction forfeiture proceedings. 711 F. Supp. 1570, 1574 (N.D. Ga. 1989) ("The question remains, however, as to whether claimant is entitled to additional relief requested in his counterclaim . . . The parties are DIRECTED to file cross motions for summary judgment on claimant's counterclaims."). Also, relying on Puerto Rico Ports Auth. v. Barge Katy-B, JITCO argues the First Circuit held a counterclaim was appropriate in a civil forfeiture proceeding and precluded interlocutory appellate review. 427 F.3d 93, 101 (1st Cir. 2005) ("[T]he district court's order vacating the arrest of the KATY–B is interlocutory because it leaves unresolved part of the underlying action ([claimant's] counterclaim)."). Finally, relying on One Lot of U.S. Currency ($68,000), JITCO argues the First Circuit would allow a counterclaim in a civil forfeiture proceeding if the property at issue was the same property the government sought to forfeit. 927 F.2d at 35 n.7 ("This

6

is not a case where the claimant seeks the return of the same property which the government seeks to forfeit.").

The Court reviewed all of the cases brought to its attention by the United States and JITCO. Based on these cases and independent research, the Court finds counterclaims are not generally permitted by claimants in civil forfeiture proceedings. See One Lot of U.S. Currency ($68,000), 927 F.2d at 35.

The Court does not find JITCO's interpretation of the case law to be persuasive. For example, in One (1) 1984 Nissan 300 ZX, the court does not hold counterclaims are allowed in civil forfeiture proceedings, but instead acknowledges the existence of a counterclaim by a claimant. 711 F. Supp. at 1574 (The Court stated there was an issue as to "whether claimant is entitled to the additional relief requested in his counterclaim" and then directed the parties to file cross motions addressing the issue.). In Barge Katy-B, the court did not rule on the propriety of bringing counterclaims against the government, but instead only referred to the mere existence of a pending counterclaim. 427 F.3d at 100 ("Inasmuch as the district court has not yet resolved all of the claims before it— [claimant's] counterclaim remains pending below—the order appealed from is not a final order of the type reviewable by courts of appeals pursuant to 28 U.S.C. § 1291 . . . Consequently, unless some other valid grant of appellate jurisdiction pertains, this appeal is premature.") (internal citation omitted).

Moreover, in One Lear Jet Aircraft, the Eleventh Circuit did not hold the United States is subject to a claimant's *in personam* counterclaim. 836 F.2d at 1577 n.8 (Adam "provides no support for the proposition that the government consented to the personal jurisdiction of the court simply by bringing this action."). Instead, the Eleventh Circuit

mentioned in a footnote that Adam, at best could possibly support such a conclusion. Id. ("At best, Adam, supports a holding that the government would be subject to an *in personam* counterclaim."). Nevertheless, the issue in Adam is distinct from the issue here. See Adam, 303 U.S. at 67 (holding the Fourteenth Amendment did not "prevent a state from adopting a procedure by which a judgment *in personam* may be rendered in a cross-action against a plaintiff in its courts."). The Court refuses to extend Adam in support of JITCO's arguments.

Finally, in One Lot of U.S. Currency ($68,000), the First Circuit did not hold counterclaims against the United States are permissible, but to the contrary explained counterclaims in civil forfeiture cases are a nullity because there is no claim for the claimant to counter, as the property is the defendant. 927 F.2d at 34 ("A forfeiture action is *in rem*, not *in personam*. The property is the defendant. Since no civil claim was filed by the government against [claimant]—indeed, rather than being dragooned into the case as a defendant, he intervened as a claimant—there was no 'claim' to 'counter. Thus, [claimant]'s self-styled counterclaim was a nullity, and the court below appropriately ignored it."). This case, however, did remark in a footnote that the claimant may have had a stronger argument had the counterclaim concerned the actual property subject to forfeiture. Id. at 34 n.7 ("This is not a case where the claimant seeks the return of the same property which the government seeks to forfeit. In that situation, unlike here, it is at least arguable that the district court may have jurisdiction to entertain an attempt to replevy the property within the contours of the government's forfeiture action.").

Based on the Court's independent research, there are no Eleventh Circuit cases addressing whether a claimant can succeed on a counterclaim against the United States

in civil forfeiture proceedings. There are persuasive cases from other circuits, however, that indicate a claimant cannot bring a counterclaim in a civil forfeiture proceeding. For example, the First Circuit in One Lot of U.S. Currency ($68,000) held civil forfeiture proceedings are against property *in rem*, not the claimant; therefore, there is no claim for the claimant to counter. Id. at 34; see also United States v. $43,725.00 in United States Currency, 4:08–1373–TLW, 2009 WL 347475 *1 (D.S.C. Feb. 3, 2009) ("'By definition a civil forfeiture action is an in rem proceeding brought by the government against property,' whereas '[a] counterclaim is a response directed to someone who has brought a claim against the party filing the counterclaim.' Thus, the true defendant in a civil forfeiture action is the property that has been seized, rather than the claimant of that property, and the claimant of the seized property is not entitled to pursue a counterclaim against the Government or individuals within the limited scope of the in rem civil forfeiture action . . . [a]ny claims [the claimants] have against the government, if permissible must be filed as a separate action.") (citation omitted). Also, district courts within the Sixth Circuit have held claimants in civil forfeiture proceedings may not file a counterclaim in civil forfeiture proceedings. For example, United States v. Funds from Fifth Third Bank Account #0065006695 held a claimant cannot file a counterclaim in a civil forfeiture proceeding because the United States has not filed any claims against the claimant, but against the property, and any permissible claims a claimant has against the United States must be filed as a separate action. 13–11728, 2013 WL 5914101 *12 (E.D. Mich. Nov. 4, 2013) ("[A] forfeiture proceeding is in rem, not *in personam*. The property at issue, the two funds here, are the defendants, not a claimant. By definition, a counterclaim is pleading which sets forth a claim that the pleader has against an opposing party arising out of an

opposing party's claim against the pleader. This action was not brought against [claimant] and the Government has not asserted any claims against [claimant]. Rather, [claimant] chose to intervene as a claimant to the in rem defendant funds. As such, it is not entitled to file counterclaims in the instant action. Any claims it has against the Government, if permissible, must be filed as a separate action.") (internal citations omitted); see also United States v. 22,832.00 in United States Currency, 1:12 CV 01987, 2013 WL 4012712 *4 (N.D. Ohio Aug. 6, 2013) ("Claimants in an in rem civil forfeiture action generally may not file counterclaims against the government. A civil forfeiture is an action against the property in rem and not against the claimant. Under the Federal Rules, a counterclaim is a 'claim that . . . the pleader has against the opposing party.' Consequently, in this instance, because the government has not filed a complaint against the claimants, they are not in the position to file a counterclaim. The claimants' counterclaims will accordingly be dismissed.") (internal citations omitted). Thus, based on the persuasive cases from other jurisdictions, counterclaims are not generally permitted in civil forfeiture proceedings.

In conclusion, the Court finds there is a general rule prohibiting the filing of counterclaims in civil proceedings based on case law, Rule 13(d), and Supplementary Rule G.[2] Since the eight vehicles are the defendants in this action and JITCO is not a defendant, JITCO is not permitted to initiate a counterclaim against the United States. JITCO does not have *in personam* jurisdiction to do so in its counterclaim. The Court's holding is in good company with other cases throughout the country. The United States'

---

[2] The Court is not determining whether JITCO could successfully initiate a claim as a plaintiff against the United States as a defendant in a separate action.

motion is due to be granted pursuant to Rule 12(b)(6). The Court need not address the parties' alternative subject matter jurisdiction arguments.

Accordingly, it is now

**ORDERED:**

The United States' Motion to Dismiss Claimant JITCO Group Limited's Counterclaim (Doc. #87) is **GRANTED.** JITCO's Counterclaim (Doc. #72) is **DISMISSED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of February, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

11