UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No:  2:15-cv-91-FtM-38CM

8 LUXURY VEHICLES,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Claimant JITCO Group Limited's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Powers (Doc. #129) filed on May 27, 2015. The Government filed a response in opposition on June 17, 2015. (Doc. #132). On June 30, 2015, JITCO filed a Motion to Submit a Reply Brief. (Doc. #135). This matter is ripe for review.

### Background

JITCO Group Limited ("JITCO") is a company that purchases newly manufactured vehicles from various dealers and wholesalers within the United States, including franchise dealers. JITCO then resells and exports its vehicles to customers in foreign countries, and identifies such vehicles as "used."

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

In February 2013, U.S. Customs and Border Protection ("USCBP") detained 15 of JITCO's vehicles. JITCO requested that its vehicles be released for several months but to no avail. On June 17, 2013, the USCBP advised JITCO that JITCO's vehicles were "seized." On August 27, 2013, the Government released four of the 15 vehicles.

On November 8, 2013, the Government initiated an *in rem* action against 34 luxury vehicles, including 11 luxury vehicles claimed by JITCO. (Doc. #1). Later, on August 21, 2014, the Government filed a Second Amended Complaint which is the operative complaint in this case. (Doc. #63). Attached to the operative complaint is an amended affidavit that alleges: (1) JITCO purchased vehicles from dealers through "straw buyers" who did not disclose to the dealers that the vehicles were intended for export; (2) the dealers did not know the vehicles were intended for export and would not have sold the vehicles had they known; (3) JITCO used funds originating overseas; and (4) JITCO falsely declared the vehicles as used. (Doc. #63; Doc. #63-1, ¶¶3-5, 7, 9, 10, 17-20, 40, 60). In October 2014, the Government released three additional JITCO vehicles, leaving eight luxury vehicles claimed by JITCO at issue in the litigation. Then, on February 10, 2015, the Government stipulated to dismissal of this case with prejudice. (Doc. #111).

JITCO now brings this motion for sanctions pursuant to 28 U.S.C. § 1927, requesting (1) monetary sanctions that would compensate JITCO for its damages; and (2) non-monetary sanctions in the form of an order directing the Government not to prosecute actions without first obtaining evidence of illegal conduct. (Doc. #129, at 7).

### Standard

Under Section 1927,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in

> any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Courts construe this provision strictly rather than as a "catch-all" provision for sanctioning objectionable conduct by an attorney. Peterson v. BMI Refractories, 124 F.3d 1386, at 1395 (11th Cir. 1997). As a result, in order to issue sanctions pursuant to Section 1927 three essential requirements must be satisfied: (1) the attorney must engage in "unreasonable and vexatious" conduct; (2) the "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings;" and (3) the dollar amount of the sanctions must bear a financial nexus to the excess proceedings. Id. at 1396.

      Under its inherent powers, a district court may impose sanctions if there is a finding of bad faith. Peer v. Lewis, 606 F.3d 1306, 1316 (11th Cir. 2010). "The threshold of bad faith conduct for purposes of sanctions under the court's inherent powers is at least as high as the threshold of bad faith conduct for sanctions under [Section] 1927." Amlong & Amlong, 500 F.3d at 1252. Acts of bad faith include an attorney knowingly or recklessly raising frivolous arguments, arguing a claim to harass the opponent, or delaying or disrupting the litigation. Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997)). "When rules alone do not provide courts with sufficient authority to protect [its] integrity and prevent abuses of the judicial process, the inherent power fills the gap." Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991).

## Discussion

Although the Court is sympathetic toward JITCO's pleas regarding the length of time it took for this case to be resolved, the loss it endured in the value of its vehicles, and the like, the Court does not find sanctions pursuant to Section 1927 or the Court's inherent power is the appropriate solution here. The Court finds, and the record reflects, that the Government initially had evidentiary support for its allegations against JITCO based on Detective Marie Fulop's affidavit and the Government dismissed this case when it became clear that some of its evidence did not develop as it anticipated. (Doc. #63-1; Doc. #63-2; Doc. #132-2, at ¶11; see also Doc. #132-1). There is no evidence that the Government knowingly pursued a frivolous claim or brought a claim to harass JITCO. Peer, 606 F.3d at 1316.

The Government complied with the filing deadlines and extension of deadlines procedures. Notably, JITCO agreed with the Government's requests for extensions. (See, e.g., Doc. #69). There is no evidence that the Government delayed or disrupted the litigation in a manner that warrants sanctions.

Overall, the Government did not exhibit unreasonable and vexatious conduct, did not multiply proceedings, did not pursue a frivolous claim, did not harass JITCO, did not delay or disrupt litigation, and did not act in bad faith. Rather, the record reflects the Government initially brought this case in good faith and when the evidence did not further develop, the Government undertook steps to dismiss this case in a timely fashion. (See Doc. #111). As such, sanctions are not warranted pursuant to Section 1927 or the Court's inherent power. See generally id. at 1314 (finding sanctions pursuant to Section 1927 were not warranted because lawyer did not delay the proceedings); Kahama VI, LLC v.

HJH, LLC, Case No. 8:11-cv-2029-T-30TBM, 2013 WL 5954779, at *3 (M.D. Fla. Nov. 7, 2013) (denying sanctions against an attorney who brought claims that were later dismissed by the district court); White v. Verizon Fla. LLC, Case No. 8:09-cv-1533-T-23TBM, 2011 WL 806713 (denying sanctions without a hearing).

Accordingly, it is now

**ORDERED:**

Claimant JITCO Group Limited's Motion for Sanctions pursuant to 28 U.S.C. § 1927 and the Court's Inherent Powers (Doc. #129) is **DENIED**. JITCO's Motion to Submit a Reply Brief (Doc. #135) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of July, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record