UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                            Case No:   2:15-cv-91-FtM-38CM

8 LUXURY VEHICLES,

       Defendant.

_____/

## ORDER[1]

This matter comes before the Court on JITCO Group Limited's Motion for Rule 11 Sanctions (Doc. #128) filed on May 27, 2015. The United States filed a response in opposition on June 17, 2015. (Doc. #133). On June 30, 2015, JITCO also filed a certificate of compliance, (Doc. #137), a Motion to Submit a Reply Brief, (Doc. #136), and an omnibus motion seeking to strike affidavits and allow examination of opposing counsel. (Doc. #134). This matter is ripe for review.

Background

JITCO Group Limited ("JITCO") is a company that purchases newly manufactured vehicles from various dealers and wholesalers within the United States, including franchise dealers. JITCO then resells and exports its vehicles to customers in foreign countries, and identifies such vehicles as "used."

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

In February 2013, U.S. Customs and Border Protection ("USCBP") detained 15 of JITCO's vehicles. JITCO requested that its vehicles be released for several months but to no avail. On June 17, 2013, the USCBP advised JITCO that JITCO's vehicles were "seized." On August 27, 2013, the Government released four of the 15 vehicles.

On November 8, 2013, the Government initiated an *in rem* action against 34 luxury vehicles, including 11 luxury vehicles claimed by JITCO. (Doc. #1). Later, on August 21, 2014, the Government filed a Second Amended Complaint which is the operative complaint in this case. (Doc. #63). Attached to the operative complaint is an amended affidavit that alleges: (1) JITCO purchased vehicles from dealers through "straw buyers" who did not disclose to the dealers that the vehicles were intended for export; (2) the dealers did not know the vehicles were intended for export and would not have sold the vehicles had they known; (3) JITCO used funds originating overseas; and (4) JITCO falsely declared the vehicles as used. (Doc. #63; Doc. #63-1, ¶¶3-5, 7, 9, 10, 17-20, 40, 60). In October 2014, the Government released three additional JITCO vehicles, leaving eight luxury vehicles claimed by JITCO at issue in the litigation. Then, on February 10, 2015, the Government stipulated to dismissal of this case with prejudice. (Doc. #111).

JITCO now seeks Rule 11 sanctions.

Standard

Under Rule 11 of the Federal Rules of Civil Procedure, there are three types of conduct that warrant sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purposes.

Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir.), cert. denied, 502 U.S. 855 (1991). Pursuant to Rule 11, litigants have a duty to only file pleadings and motions that are not objectively frivolous and will likely have evidentiary support. See Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010). If a litigant learns their position in a pleading or motion does not have evidentiary support, the litigants is obligated to withdraw their position. Id. In determining whether a litigant violated Rule 11, the Court is expected to determine what was reasonable at the time without using the wisdom of hindsight. Id. If sanctions are warranted, then the Court may impose, for example, reasonably attorney's fees and expenses incurred as a direct result of a violation. See Fed.R.Civ.P. 11(c)(2).

Discussion

I.   WHETHER THE MOTION WAS TIMELY FILED?

The parties dispute whether the motion was timely filed. JITCO asserts the motion is timely because Rule 11 sanctions have no time limit. Whereas, the Government asserts the motion should have been filed prior to the dismissal of its complaint against the vehicles since it now cannot cure the alleged violation. Upon consideration, the Court finds the motion for sanctions was timely filed. In the Eleventh Circuit, Rule 11 motions are not *per se* barred if filed after a dismissal order or entry of judgment. Baker v. Alderman, 158 F.3d 516, 523 (11th Cir. 1998); cf. Peer, 606 F.3d at 1313 (finding sanctions motion was untimely because it was filed *over nine months after definitively learning pleading was frivolous* and after court rejected the pleading). Thus, although the claims against JITCO's vehicles were dismissed prior to the filing of the instant sanctions motion, the Court does not find the instant sanctions motion is untimely. After all Rule 11

sanctions are traditionally determined at the end of litigation. Baker, 158 F.3d at 523 (quoting Donaldson v. Clark, 819 F.2d 1551, 1555 (11th Cir. 1987)).

II.   WHETHER THE UNITED STATES VIOLATED RULE 11 IN THIS CASE?

a. *Whether the Government violated Rule 11(b)(1)?*

JITCO argues the Government should be subject to Rule 11(b)(1) sanctions because the Government did not initiate this civil action with an objectively reasonable factual or legal basis. JITCO argues the United States harassed JITCO and caused unnecessary delay by detaining its property without reasonable cause, and then filing this lawsuit without a legal basis. Upon review of the record, the Court is not convinced that the Government violated Rule 11(b)(1). The record reflects at the time this case was initiated the Assistant United States Attorney ("AUSA") had an objectively reasonable basis to file this case and should not have been aware that the case was frivolous. The AUSA originally relied on information from a Lee County Sheriff Detective and reasonably believed the vehicles at issue were subject to forfeiture based on fraud. (See Doc. #1-1). The AUSA's reliance on the information provided to him was reasonable under the circumstances, even if a hindsight view were to now prove different facts from the original allegations. Donaldson, 819 F.2d at 1557 (noting courts should not use wisdom of hindsight when imposing Rule 11 sanctions). The Government's conduct did not harass, did not cause undue delay, and did not needlessly increase the cost of litigation. Here, sanctions pursuant to Rule 11(b)(1) are not warranted and the motion is due to be denied.

b. *Whether the Government violated Rule 11(b)(2)?*

JITCO argues the Government should be subject to Rule 11(b)(2) sanctions because the complaint was based on legal theories that have no reasonable chance of

success and cannot be advanced as a reasonable argument. See Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003). In essence, since JITCO asserts the facts alleged in the complaint were untrue, sanctions should be imposed. Upon review, however, the Court disagrees. The complaint does not rise to the level of "frivolity" to warrant sanctions. See generally Smith v. Haddad, No. 4:07-CV-00316-SPM/WCS, 2007 WL 3119855, a *3 (N.D. Fla. Oct. 23, 2007); Perez v. Pavex Corp., No. 8:01-CV-69-T-27MSS, 2008 WL 906457, at *2 (M.D. Fla. Apr. 3, 2008) (argument was not patently frivolous despite the court not being persuaded by the argument at the summary judgment stage). Although the facts alleged in the complaint may not be true, at the time the complaint was filed the Government had an objectively reasonable basis to believe the facts were true based on the information provided by the Lee County Sheriff Detective. Bathazi v. U.S. Dept. of Homeland Sec., 667 F. Supp. 2d 1375, 1378 (S.D. Fla. 2009) (discussing Rule 11(b)(2) sanctions are not appropriate when a claim is weak but are only appropriate when a claimant has a deliberate indifference to obvious facts) (citing Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998)). In light of the evidence at the time, the Court is not convinced the Government acted with deliberate indifference to obvious facts in this case or that the legal theories had no reasonable chance of success. Here, sanctions pursuant to Rule 11(b)(2) are not warranted and the motion is due to be denied.

   *c. Whether the Government violated Rule 11(b)(3)?*

JITCO argues the Government should be subject to Rule 11(b)(3) sanctions because the Government did not have evidentiary support and was not likely to have evidentiary support even after a reasonable opportunity for further investigation or discovery. Upon review, the Court finds the record does not support JITCO's argument.

For example, there was probable cause to believe that the vehicles were proceeds of fraud since a warrant was issued in relation to the vehicles and the AUSA received information from the Lee County Sheriff's Detective that if true could have led to evidentiary support. Here, sanctions pursuant to Rule 11(b)(3) are not warranted and the motion is due to be denied.

Accordingly, it is now

**ORDERED:**

1. JITCO Group Limited's Motion for Rule 11 Sanctions (Doc. #128) is **DENIED**.

2. JITCO Group Limited's Motion to Submit a Reply Brief (Doc. #136) is **DENIED**.

3. JITCO Group Limited's omnibus motion seeking to strike affidavits and allow examination of opposing counsel (Doc. #134) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of July, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record